UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK GALLOWAY,<br><br>Defendant. | Case No. 2:20-mj-01041-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion in Limine (ECF No. 53). The Court has considered the Motion and the government's Response (ECF No. 56).

**I.   Background**

On December 6, 2020, Mark Galloway ("Defendant") was pulled over by two Lake Mead National Recreation Area park rangers based, in part, on reliable information received through a 911 call to the Lake Mead Interagency Dispatch Center. Ranger Romine conducted field sobriety tests, each of which yielded several clues of intoxication. The rangers arrested Defendant for driving under the influence and took him to the Boulder Beach Ranger Station. After a 15-minute observation period, Ranger Romine told Defendant he would conduct a chemical test. The test yielded results of .105 and .107 g/200ml of blood alcohol. ECF No. 1 at 7. Defendant was charged with operating a motor vehicle while under the influence of alcohol, 36 C.F.R. § 4.23(a)(1), and operating a motor vehicle with a BAC of 0.08 grams and higher, 36 C.F.R. § 4.23(a)(2). Two other charges were dismissed.

**II.   Defendant's Argument**

Through Defendant's Motion he seeks to prevent (1) lay witness testimony regarding the reliability or causal connection of a horizontal gaze nystagmus ("HGN") test to intoxication, and (2) judicial notice of the same. Defendant argues that the reliability of the HGN test and its causal connection to intoxication can only be established through expert testimony that meets the standards of Federal Rule of Evidence 702. Defendant argues that "a majority of [state] jurisdictions view the

1

1  HGN test as being scientific in nature and not within the common understanding of a lay person."
2  ECF No. 53 *citing*, *inter alia*, *U.S. v. Van Hazel*, 468 F.Supp.2d 792, 796 (E.D.N.C. 2006).[1]

Relying on *United States v. Horn*, 185 F.Supp.2d 530 (D. Md. 2002), Defendant argues that nystagmus has many causes, and that the HGN test "is circumstantial, not direct, evidence of alcohol consumption." ECF No. 53 at 4 *citing id.* at 556. Defendant concludes that "while the rangers can testify about what they observed when they conducted the horizontal gaze nystagmus test, they cannot testify regarding a HGN test's reliability or causal connection to intoxication." ECF No. 53 at 4-5.

Defendant also argues judicial notice of the HGN test is improper citing a 2006 National Highway Traffic Safety Administration ("NHTSA") student manual, and 1978 and 1987 articles.[2] ECF No. 53 at 5-6. Defendant argues NHTSA's finding that HGN tests are 77% reliable in determining a blood alcohol concentration above .10 shows that this test is of questionable accuracy. *Id*. at 5. Returning to the 2006 *Van Hazel* decision by Eastern District of North Carolina, Defendant states that the "reliability of the HGN test is not a fact generally known within the jurisdiction of the court." *Id*. at 6 *citing Van Hazel*, 468 F.Supp.2d at 797 (citation and internal quote marks omitted). More importantly, however, is Defendant's citation to the recent decision in *U.S. v. McAdams*, Case No. 1:18-cr-00149-LJO, 2019 WL 214915, at *7 n.9 (E.D. Cal. Jan. 16, 2019), in which the Court stated "that taking judicial notice of the causal connection between alcohol consumption and nystagmus is not appropriate under Federal Rule of Evidence 201 as it is neither generally known nor is its accuracy incapable of reasonably being questioned." (Alterations and internal quote marks omitted.) Based on the above decisions, Defendant argues that the Court may not take judicial notice of the causal connection between the outcome of an HGN test and intoxication. ECF No. 53 at 6.

**III.   The Government's Argument**

In its Response to Defendant's Motion in Limine, the government argues that the results of field sobriety test performed by the ranger "indicated that Galloway was possibly intoxicated, a finding that was substantiated by the later breath test." ECF No. 56 at 1 (internal citation omitted).

---

[1]   The Court notes that the state court cases cited in *Van Hazel* date from 1992 through 1998. *Id*.
[2]   Defendant also cites an undated Illinois Police Traffic Services Training Project, Field Sobriety Testing Student Manual. *Id*. at 6.

The government argues that the ranger who administered the test is trained and certified to perform HGN tests and that he should be allowed to testify "as to whether it can indicate a person is intoxicated." *Id*. at 2. The government admits that jurisdictions are divided on whether "scientific qualifications from the testifying witness" is required for admissibility, noting varying decisions from Ohio, Oklahoma, California, Illinois, and West Virginia. *Id*. at 2-3. However, the government emphasizes that the more recent court decisions find that a properly trained officer is allowed to testify to the "significance of a defendant's performance" on an HGN test because this is part of how an officer forms his/her opinion regarding the defendant's intoxication. *Id*. at 3 (citations therein). The government also notes that two Eastern District of California cases have allowed such testimony, as have the District of New Hampshire, Southern District of Alabama, and District of Colorado. *Id*. at 3-4. The government does not respond to Defendant's judicial notice argument.

**IV.  Discussion**

   A.   The Law.

This Court begins its discussion by looking at the court's decision in *U.S. v. Nguyen*, Case No. 6:06-MJ-101 WMW, 2008 WL 540230 (E.D. Cal. Feb. 25, 2008), which is frequently cited by other courts within and outside the Ninth Circuit. In *Nguyen*, a district judge considered the appeal of a conviction entered after a bench trial in front of a magistrate judge. The defendant filed two motions in limine before the magistrate judge one of which, similar to this case, sought to prevent the government from "presenting evidence and interpretation" of an HGN test absent a showing that the test met the requirements of Fed. R. Evid. 702. *Id*. at *1. Further, the motion in limine sought to limit an officer's testimony to "lay testimony" precluding the use of words such as "pass, fail, standardized clues, or tests." *Id.* (internal quote marks omitted). The magistrate judge denied the motion and allowed the federal park ranger to testify that "nystagmus can be caused by alcohol and that she observed six clues" indicating the defendant was impaired. *Id*. at 3. The ranger established her qualification to offer this evidence through her testimony regarding attendance at multiple trainings, field experience with alcohol related traffic stops, and that she was "qualified to carry out field sobriety tests under Yosemite Park standards." *Id*. at 4. The magistrate judge found the defendant guilty of driving under the influence. *Id*. at 5.

On appeal, the defendant argued the magistrate judge made evidentiary errors one of which was the admission of the ranger's testimony using terms such as "tests" and "clues" regarding the HGN test because this testimony had to qualify under Fed. R. Evid. 702. *Id*. After noting the meaning of nystagmus and that "[t]he HGN test relies on the scientific principle that alcohol will cause a type of nystagmus … [that] can be detected by a properly trained officer," the court discussed the *Horn* and *Van Hazel* decisions and stated:

> [A]n HGN test is not based on common knowledge and understanding of the effects of alcohol on a person. Instead, the HGN test is based on a scientific principle that is not commonly known, *i.e.* that consumption of alcohol is a cause of exaggerated nystagmus. To administer the test and recognize the presence of exaggerated nystagmus requires specialized training and knowledge. Because of the scientific foundation and specialized knowledge and training necessary to detect nystagmus, Rule 702 applies and any testimony about an HGN test and the results thereof must be reliable. *See* Fed. R. Evid. 702. However, as *Kumho Tires* [*v. Carmichael*, 526 U.S. 137 (1999)] made clear, a court has great flexibility in determining reliability so as to deal with "cases where the reliability of an expert's methods is properly taken for granted." *Kumho Tire*, 562 U.S. at 152.

*Id*. at 12. The court went on to explain that an HGN test may be one where "reliability of methodology can be taken for granted" because "determining the presence of exaggerated nystagmus is not complex and is routinely introduced in trials … ." *Id*. (numerous citations omitted). For this reason, the court concluded that "judicial notice may be taken of the fact that alcohol consumption can cause exaggerated nystagmus." *Id*. *citing Horn*, 185 F.Supp.2d at 555. Finally, the court found that:

> Since officers routinely apply and rely on the principle that alcohol can cause exaggerated nystagmus, and since judicial notice of this fact is appropriate, the Court sees no reason why a police officer should be prohibited from testifying that alcohol can cause exaggerated nystagmus, so long as he can show that he was taught this fact as part of his training.

*Id*. (citation omitted). Finally, the court held that:

> [I]f an officer establishes that he had the requisite training and experience in administering an HGN test and detecting exaggerated nystagmus, and part of that training included the fact that alcohol consumption may cause nystagmus, then the officer may testify about his administration of the HGN test, whether exaggerated nystagmus was detected, and that alcohol consumption can cause exaggerated nystagmus.

*Id*. at 13 (citations omitted). *See also New Hampshire Ins. Co. v. Blue Water Off Shore, LLC*, Case No. 07-074-WS-M, 2009 WL 1125056, at \*\*2-3 (denying a motion in limine and finding that the

state did not need to produce evidence of reliability or methodology other than the officer's testimony that he was trained); *United States v. Merritt*, Case No. 16-cr-00365-REB-DW, 2017 WL 11487111, at *2 (D. Co. Aug. 7, 2017) (finding the reasoning in *Nguyen* and *New Hampshire Ins. Co.* persuasive and holding that HGN testing "is among the category of scientific methods whose reliability is so well established it may be taken for granted") (citation and internal quote marks omitted).

In 2019, the Eastern District of California issued another order following the appeal of a conviction entered by a magistrate judge. *United States v. McAdams*, Case No. 1:18-cr-00149-LJO, 2019 WL 214915 (E.D. Cal. Jan. 16, 2019). Two of the errors claimed on appeal addressed an HGN test considered by the magistrate judge. These errors included permitting a ranger to "provide expert testimony" on HGN without qualifying or being designated as an expert under Fed. R. Evid. 702, and taking judicial notice of the "causal link between alcohol consumption and nystagmus." *Id*. at *1. In this case, the court found "[t]he case law on the reliability and admissibility of testimony on HGN field sobriety testing is far from clear." *Id*. at *7 (citations in n.8 omitted). The court stated:

> Rather than expend limited judicial resources to wade into the muddy waters and undertake an extensive analysis of which portions of … [the ranger's] testimony may or may not have been appropriate under Federal Rule of Evidence 702, the Court *assumes* that it was error to admit the testimony of … [the ranger] on HGN and that it was inappropriate to take judicial notice of the causal connection between alcohol consumption and nystagmus.

*Id*. (emphasis added.)  The court noted, however, that "the Ninth Circuit has found officer testimony of unsatisfactory performance on several field sobriety tests … along with only a partial two second breath test was sufficient to affirm a drunk driving conviction." *Id*. at *8 *citing United States v. Brannon*, 146 F.3d 1194, 1196 (9th Cir. 1998).

B.   Defendant's Motion.

What is clear in this case is that no testimony has yet been offered by the ranger who administered the HGN test, observed Defendant's responses, and reached a conclusion (if any) drawn from the test regarding Defendant's intoxication.  The Court has not heard specifics of the ranger's training, experience, and knowledge regarding HGN tests.  Before this foundational information is offered, the Court cannot determine whether the ranger may be qualified to provide

the testimony Defendant seeks to prevent. That is, while the Court, like the Eastern District of California in *McAdams*, may prefer not to weigh into the issue of whether the ranger qualifies under Fed. R. Evid. 702 to offer all the testimony that may be desired by the government, the Court is prepared to do so at the time of trial. Therefore, the government must be prepared to offer the ranger's qualifications to testify to more than his administration and observations of the outcome of the HGN test. He must demonstrate the specialized training, knowledge, and experience necessary to detect exaggerated nystagmus so that the Court, in its exercise of its flexibility under *Kumho Tire*, 562 U.S. at 152, may determine the extent to which the ranger may testify to his conclusions. As stated above, "determining the presence of exaggerated nystagmus is not complex and is routinely introduced in trials," and this Court "sees no reason why a police officer" cannot testify that alcohol may cause exaggerated nystagmus so long as he has the requisite training and experience to do so. *Nguyen*, 2008 WL 540230, at *12-13.[3]

With respect to judicial notice, the government offers no opposition to Defendant's argument that the Court cannot take judicial notice of HGN test reliability or the causal connection between horizontal gaze nystagmus and intoxication. As *McAdams* states, judicial notice under Fed. R. Evid. 201 requires the fact be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *McAdams*, 2019 WL 214915, at *7 n.9. Given the Court's review of the case law, which is not uniform with respect to whether an HGN test accurately determines that a driver is intoxicated above the legal limit, the Court is not prepared to take judicial notice of this fact. The Court is, as stated below, willing to consider the testimony of a trained, knowledgeable, and experienced law enforcement officer regarding the HGN test administered in this case.

---

[3] The court in *McAdams* assumed it was error to take judicial notice of the causal connection between alcohol consumption and nystagmus. *McAdams*, 2019 WL 214915, at *7. But footnote 9, discussing this issue in greater length, states that the magistrate judge properly followed *Nguyen* when allowing the officer in that case to testify to "on-the-scene administration of the HGN test and the principle that alcohol is one cause of exaggerated nystagmus." *Id.*, 2019 WL 214915, at *7 n.9.

## V. Conclusion

The Court therefore finds, consistent with the holdings in *Nguyen* and *McAdams*, that if the government establishes the ranger has the requisite training, knowledge, and experience in administering an HGN test and detecting exaggerated nystagmus, and part of the ranger's training included the fact that alcohol consumption may cause nystagmus, he may testify about his administration of the HGN test, whether he detected exaggerated nystagmus, the conclusions he drew from the test, and that alcohol consumption may cause exaggerated nystagmus. The Court will consider the evidence allowed, along with all other evidence presented, to reach its decision regarding whether Defendant's guilt is proven beyond a reasonable doubt.

## VI. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion in Limine (ECF No. 53) is GRANTED in part and DENIED in part consistent with the above.

Dated this 23rd day of November, 2021

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE